**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 1:25-cv-00245-RGA |
| RICHARD "CHIP" SHERIDAN, JOHN | ) | |
| BUSSOLARI, and PRISMA GRAPHICS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PRISMA GRAPHICS, LLC AND JOHN BUSSOLARI ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendants' Prisma Graphics LLC ("Prisma") and John Bussolari ("Bussolari") (collectively, "Defendants") by and through undersigned counsel, answer the Verified Complaint ("Complaint") filed by Plaintiff R.R. Donnelley & Sons Company's ("RRD" or "Plaintiff"). All allegations of the Complaint not specifically admitted herein are denied.

## NATURE OF THE CASE

1.     Defendants admit that Plaintiff is the former employer of Sales Development Executive, Richard "Chip" Sheridan ("Sheridan").  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and the allegations are therefore denied.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Defendants admit Sheridan is a former employee of Plaintiff who resigned on or about January 3, 2025.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and the allegations are therefore denied.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and the allegations are therefore denied.

5.      Defendants admit that after Sheridan resigned from Plaintiff, he accepted employment with Prisma as Vice President of Enterprise Sales. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and the allegations are therefore denied.

7.      Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and the allegations are therefore denied.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and the allegations are therefore denied.

10.     The allegations in Paragraph 10 are not directed at Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and the allegations are therefore denied.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants admit that Plaintiff purports to assert certain claims against Defendants, but Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations in the first sentence of Paragraph 14, but deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that Kristyn "Michelle" Yun is a former employee of Plaintiff. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that Ms. Trate and Mr. Flippen are former employees of Plaintiff. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

## **THE PARTIES**

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and the allegations are therefore denied.

25.     Upon information and belief, Defendants admit the allegations in Paragraph 25 of the Complaint.

26.     Upon information and belief, Defendants admit the allegations in Paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and the allegations are therefore denied.

28.     Defendants admit Sheridan was an employee of Consolidated and later Plaintiff until he resigned on or about January 3, 2025. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations in Paragraph 29 of the Complaint.

30.     Defendants admit the allegations in Paragraph 30 of the Complaint.

31.     Defendants admit the allegations in Paragraph 31 of the Complaint.

32.     Defendants admit Prisma competes with Plaintiff in certain markets for certain products and services, but denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

**JURISDICTION AND VENUE**

36.     Defendants admit the Court has jurisdiction over this action.

37.     Defendants do not dispute that venue is proper, but deny the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants admit this Court has jurisdiction over Prisma, but deny the remaining allegations in Paragraph 38 of the Complaint.

## FACTUAL ALLEGATIONS

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and the allegations are therefore denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and the allegations are therefore denied.

41.     The allegations in Paragraph 41 are not directed at Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations.

42.     The allegations in Paragraph 42 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

43.     The allegations in Paragraph 43 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

44.     The allegations in Paragraph 44 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

45.     The allegations in Paragraph 45 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and the allegations are therefore denied.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and the allegations are therefore denied.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and the allegations are therefore denied.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and the allegations are therefore denied.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and the allegations are therefore denied.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and the allegations are therefore denied.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, subsections (a) through (i) of the Complaint, and the allegations are therefore denied.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and the allegations are therefore denied.

54.     The allegations in Paragraph 54 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

55.     The allegations in Paragraph 55 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

56.     The allegations in Paragraph 56 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

57.     The allegations in Paragraph 57 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

58.     The allegations in Paragraph 58 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

59.     The allegations in Paragraph 59 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

60.     The allegations in Paragraph 60 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

61.     The allegations in Paragraph 61 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

62.     The allegations in Paragraph 62 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

63.     The allegations in Paragraph 63 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

64.     The allegations in Paragraph 64 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

65.     The allegations in Paragraph 65 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

66.     The allegations in Paragraph 66 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

67.     The allegations in Paragraph 67 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

68.     The allegations in Paragraph 68 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

69.     The allegations in Paragraph 69 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

70.     The allegations in Paragraph 70 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

71.     The allegations in Paragraph 71 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

72.     The allegations in Paragraph 72 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

73.     The allegations in Paragraph 73 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

74.     The allegations in Paragraph 74 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

75.     The allegations in Paragraph 75 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

76.     The allegations in Paragraph 76 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

77.     The allegations in Paragraph 77 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

78.     The allegations in Paragraph 78 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

79.     The allegations in Paragraph 79 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

80.     The allegations in Paragraph 80 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

81.     The allegations in Paragraph 81 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

82.     The allegations in Paragraph 82 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

83.     The allegations in Paragraph 83 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

84.     The allegations in Paragraph 84 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

85.     The allegations in Paragraph 85 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

86.     The allegations in Paragraph 86 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

87.     The allegations in Paragraph 87 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

88.     The allegations in Paragraph 88 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

89.     The allegations in Paragraph 89 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

90.     The allegations in Paragraph 90 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

91.     The allegations in Paragraph 91 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

92.     The allegations in Paragraph 92 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

93.     The allegations in Paragraph 93 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

94.    The allegations in Paragraph 94 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

95.    The allegations in Paragraph 95 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

96.    The allegations in Paragraph 96 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

97.    Defendants deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations in Paragraph 98 of the Complaint.

99.    Defendants admit the allegations in first sentence of Paragraph 99 of the Complaint, but deny the remaining allegations in Paragraph 99.

100.    Defendants admit Bussolari signed certain agreements while employed with Plaintiff, but deny the remaining allegations in Paragraph 100 of the Complaint.

101.    Defendants admit the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 103 of the Complaint, and the remaining allegations in Paragraph 103 are denied.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    The allegations in Paragraph 106 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

107.    The allegations in Paragraph 107 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

108.    The allegations in Paragraph 108 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

109.    The allegations in Paragraph 109 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

110.    The allegations in Paragraph 110 are not directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

111.    Defendants admit the allegations in Paragraph 111 of the Complaint.

112.    Defendants admit the allegations in Paragraph 112 of the Complaint.

113.    The allegations in Paragraph 113 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    The allegations in Paragraph 114 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    The allegations in Paragraph 116 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116 of the Complaint.

## COUNT ONE

### Trade Secret Misappropriation Under Delaware's
### Uniform Trade Secrets Act (6 Del. C. § 2001, *et seq.*).

117.    Defendants incorporate their answers to Paragraphs 1 through 116 as if set forth fully herein.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and the allegations are therefore denied.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and the allegations are therefore denied.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and the allegations are therefore denied.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and the allegations are therefore denied.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, and the allegations are therefore denied.

124.    Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    The allegations in Paragraph 125 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

## COUNT TWO

**Misappropriation Under the Defend Trade Secrets Act (18 U.S.C. § 1836, et seq.)**

128.    Defendants incorporate their answers to Paragraphs 1 through 127 as if set forth fully herein.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint, and the allegations are therefore denied.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint, and the allegations are therefore denied.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint, and the allegations are therefore denied.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint, and the allegations are therefore denied.

133.    The allegations in Paragraph 133 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint, and the allegations are therefore denied.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

## COUNT THREE

### Breach of Contract

139.    Defendants incorporate their answers to Paragraphs 1 through 138 as if set forth fully herein.

140.    The allegations in Paragraph 140 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

141.    The allegations in Paragraph 141 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

142.    The allegations in Paragraph 142 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

143.    The allegations in Paragraph 143 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

144.    The allegations in Paragraph 144 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

145.    The allegations in Paragraph 145 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.     The allegations in Paragraph 147 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### COUNT FOUR

### Tortious Interference with Contract

148.     Defendants incorporate their answers to Paragraphs 1 through 147 as if set forth fully herein.

149.     The allegations in Paragraph 149 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

150.     The allegations in Paragraph 150 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

151.     Defendants admit Prisma was aware Sheridan and Bussolari were previously employed with Plaintiff but deny the remaining allegations in Paragraph 151 of the Complaint.

152.     Defendants deny the allegations in Paragraph 152 of the Complaint.

153.     Defendants deny the allegations in Paragraph 153 of the Complaint.

154.     Defendants deny the allegations in Paragraph 154 of the Complaint.

155.     Defendants deny the allegations in Paragraph 155 of the Complaint.

156.     Defendants deny the allegations in Paragraph 156 of the Complaint.

157.     Defendants deny the allegations in Paragraph 157 of the Complaint.

## COUNT FIVE

### Tortious Interference with Prospective Business Advantage

158.    Defendants incorporate their answers to Paragraphs 1 through 157 as if set forth fully herein.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint, and the allegations are therefore denied.

160.     Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    The allegations in Paragraph 162 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT SIX

### Breach of Duty of Loyalty

163.    Defendants incorporate their answers to Paragraphs 1 through 162 as if set forth fully herein.

164.    As it relates to the allegations in Paragraph 164, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

165.    As it relates to the allegations in Paragraph 165, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

166.    As it relates to the allegations in Paragraph 166, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

167.    As it relates to the allegations in Paragraph 167, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

168.    As it relates to the allegations in Paragraph 168, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

169.    As it relates to the allegations in Paragraph 169, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

170.    As it relates to the allegations in Paragraph 170, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

171.    As it relates to the allegations in Paragraph 171, the allegations do not allege conduct by Defendants Prisma and Bussolari such that no response is required, and Defendants Prisma and Bussolari deny them on that basis.

## COUNT SEVEN

### Aiding and Abetting Breach of Duty of Loyalty

172.    Defendants incorporate their answers to Paragraphs 1 through 171 as if set forth fully herein.

173.    Defendants deny the allegations in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations in Paragraph 177 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief or remedies referenced and/or set forth in the unnumbered "WHEREFORE" clause and its subparts (a) through (g), following Paragraph 177 of the Complaint.

## GENERAL DENIAL

Defendants deny all allegations and inferences of the Complaint that are not expressly admitted in this Answer, deny acting unlawfully with respect to Plaintiff and deny causing any recoverable damages to Plaintiff, as alleged in the Complaint or at all.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

2.     Any and all actions by Defendants were undertaken for legitimate, business purposes and competition and without unlawful purpose or motive.

3.     Plaintiff's Complaint fails to state a claim for punitive damages against Defendants because at all times Defendants made good faith efforts to comply with all applicable laws and did not act with malice or willful and/or reckless disregard or indifference toward Plaintiff's rights or interests.

4.     Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff has suffered no damages and/or failed to mitigate its damages.

5.     Any damage, loss, or injury allegedly sustained by Plaintiff, the existence of which is expressly denied, was not caused by or attributable to Defendants.

6.     Plaintiff's alleged damages may be barred or reduced by its own comparative fault, action, inaction and misconduct.

7.     Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, release, laches, and/or waiver.

8.      Any and all actions by each Defendant were justified by their economic interest and pre-existing relationship with other clients, customers and employees of Plaintiff.

9.      Plaintiff's claims and alleged damages, if any, were caused by Plaintiff's own acts, failures to act, and omissions, or the acts, failures to act and omissions of others over whom Defendants are not legally responsible.

10.     Plaintiff's Complaint may be barred, in whole or in part, to the extent the contractual covenants and obligations are overbroad, more restrictive than necessary under the circumstances, are not supported by legitimate business interests, violate public policy and are otherwise invalid and unenforceable.

## **ADDITIONAL DEFENSES**

Defendants' Answer and Affirmative Defenses are based upon the specific allegations in the Complaint, and Defendants reserve the right to amend this Answer or add additional Affirmative Defenses if and when they become known through discovery or otherwise.

**WHEREFORE**, Defendants respectfully request Plaintiff's Complaint be dismissed with prejudice and judgment be entered in Defendants' favor along with all costs, counsel fees, and any other relief the Court deems appropriate.

**POTTER ANDERSON & CORROON LLP**

*/s/ Lauren E.M. Russell*

Lauren E.M. Russell (No. 5366)
Malisa C. Dang (No. 7187)
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
Telephone:  (302) 984-6003
Email:  lrussell@potteranderson.com
       mdang@potteranderson.com

*-and-*

**OGLETREE DEAKINS**

L. Eric Dowell (admitted *pro hac vice*)
Dylan N. Patel (admitted *pro hac vice*)
Esplanade Center III
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone:  (602) 778-3718
Email:  eric.dowell@ogletreedeakins.com
      dylan.patel@ogletreedeakins.com

*Counsel for Defendants John Bussolari and Prisma Graphics, LLC*

Dated:  March 25, 2025

12133629v.1